NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FRANCISCO RIVERA RAMOS, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 21-1129 Agency No. A200-681-737 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025**
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District Judge.***

Jose Francisco Rivera Ramos petitions for review of the Board of

Immigration Appeals' ("BIA's") order affirming the denial of his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. As the parties are well acquainted with the facts, we need not recite them here.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal conclusions, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and for substantial evidence its factual conclusions, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Relevant here, whether one has established "exceptional and extremely unusual hardship" for purposes of cancellation of removal is a mixed question of law and fact that we review for substantial evidence. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

The BIA properly dismissed Rivera Ramos's asylum, withholding of removal, and CAT claims because he failed to meaningfully challenge the Immigration Judge's ("IJ's") denial of those claims on appeal. Rivera Ramos's cursory reference to those claims in the introduction of his brief, without more, was insufficient to put the BIA on notice of why the IJ erred. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 n.8 (9th Cir. 2019) (petitioner failed to exhaust CAT claim where "[t]he CAT was mentioned only twice in [his] brief to the BIA, in the introduction and in the conclusion," and "[t]he brief contained no argument for relief under the CAT").

We consider Rivera Ramos's challenges to the denial of his cancellation of

removal application but deny them on the merits.

The BIA did not engage in unlawful factfinding when it stated that Rivera Ramos's children may have "access to financial assistance from the government." Rather, it reasonably inferred the availability of benefits based on Rivera Ramos's testimony that his children obtained food stamps and state-funded healthcare in the past. *See Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1112 (9th Cir. 2021) (noting the BIA and IJ may "make reasonable inferences from evidence in the record").

Moreover, the BIA did not fail to consider the hardship Rivera Ramos's children would face in caring for their grandmother if Rivera Ramos was removed to Mexico. The BIA acknowledged that the children would remain in the United States with their mother and grandmother and would experience "emotional and financial hardship" as a result. While the BIA did not specifically mention the grandmother's caretaking needs, it was under no obligation to "individually identify and discuss every piece of evidence in the record." *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022).

The BIA also considered evidence about how Rivera Ramos' removal may impact his children's mental health. It acknowledged that a mental health report Rivera Ramos submitted states that "it is quite likely that the children would suffer extreme hardship if their father were to leave the family." But it concluded that this evidence was "insufficient to establish the higher level of 'exceptional and

21-1129

extremely unusual' hardship," especially because Rivera Ramos had "not asserted that any of his children have a medical issue that might exacerbate the hardship."

Further, the BIA did not reverse the IJ's credibility determination. The best reading of the record is that the BIA agreed with the IJ's determination that Rivera Ramos was "a credible witness generally"—notwithstanding the IJ's decision to give aspects of his testimony "little weight" because they were vague and incomplete.

Because the BIA properly determined that Rivera Ramos failed to show sufficient hardship to a qualifying relative, it was not required to address whether Rivera Ramos established good moral character or whether he warranted a favorable exercise of discretion. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that "courts and agencies are not required to make findings on issues" that are "unnecessary to the results they reach").

**PETITION DENIED.**